IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Brenna Patchen, | : |
|       Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| Performant Recovery, Inc., | : **DEMAND FOR JURY TRIAL** |
|       Defendant. | : |

## COMPLAINT & JURY DEMAND

For this Complaint, the Plaintiff, Brenna Patchen, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3. The Plaintiff, Brenna Patchen ("Plaintiff"), is an adult individual residing in Rochester Hills, Michigan, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Performant Recovery, Inc. ("Performant"), is a California business entity with an address of 333 North Canyons Parkway, Suite 100, Livermore, California 94551,

operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. Performant at all times acted by and through one or more of the collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to Performant for collection, or Performant was employed by the Creditor to collect the Debt.

9. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Performant Engages in Harassment and Abusive Tactics

10. Within the last year, Performant contacted Plaintiff in an attempt to collect the Debt.

11. During a conversation with a Performant representative, Plaintiff informed Performant that she is disabled and could not afford to pay the Debt.

12. Despite being informed of Plaintiff's disability, Performant pressured Plaintiff to write a letter to Performant waiving her right to disability discharge in exchange for a payment plan.

13. When Plaintiff wrote to Performant asking for an explanation as to why she needed to write the aforementioned letter, Performant called Plaintiff and denied ever having instructed her to write a letter waiving her right to disability discharge.

14. Performant repeatedly called Plaintiff a "liar", which caused Plaintiff to feel oppressed and humiliated.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

15. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

17. The Defendant's conduct violated 15 U.S.C. § 1692d(2) in that Defendant used profane and abusive language when speaking with the consumer.

18. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

19. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

20. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

21. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

22. The Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4. Punitive damages against Defendant; and

5. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: April 29, 2014

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.
Attorney for Plaintiff Brenna Patchen
LEMBERG LAW
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (888) 953-6237
Email: slemberg@lemberglaw.com